UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CASE NO. 6:25-cv-00063-GFVT


TOMMY'S TOWING                                                    PLAINTIFF


v.


CANDIDO'S INC., et al                                           DEFENDANTS


**MOTION TO DISMISS BY DEFENDANTS SMITH, FOLEY, AND
THE KENTUCKY STATE POLICE**


Defendants Briskin Smith, in his official capacity and individual capacity, Dwayne Foley, in his official capacity and individual capacity, and the Kentucky State Police, by and through counsel, and pursuant to FRCP 8(a)(2) and FRCP 12(b)(6), hereby move the Court to dismiss Plaintiff's claims against them for the following reasons: (1) the Complaint fails to state a claim upon which relief can be granted; and (2) the Defendants are entitled to "state action" immunity from antitrust claims.  In support of the Motion to Dismiss, Defendants state as follows:


## I.    INTRODUCTION

The Plaintiff filed the Complaint on April 9, 2025, alleging violations of the Sherman Act (15 U.S.C.A. §§ 1 and 2), and the Clayton Act (15 U.S.C.A. § 26).  The Complaint contains

general, non-specific factual allegations and legal conclusions, and accordingly the Complaint

fails to state a claim upon which relief can be granted.

The Plaintiff alleges:

9. The Plaintiff has for years provided semi-trailer truck towing services within the Eastern District of Kentucky. Kentucky State Police officers call in towing companies based on a rotating list after an accident involving a semi-trailer truck and other vehicle accidents. After one towing service is called, a KSP officer is required to move that towing service to the bottom of this list and call the next company in line for the next accident.

10.  Despite this procedure, Defendant Kentucky State Police, through officers Briston Smith and Dwayne Foley, consistently circumvent this process of ensuring a fair market by calling in Defendant Candido's, Inc. multiple times in a row, particularly for the towing of semi-trailer ("big truck") towing without moving Candido's to the bottom of the list. The Defendants achieve this by asserting that the owner of the semi-trailer truck has requested the use of Candido's, Inc. towing service without the owner ever actually requesting the use of Defendant Candido's, Inc. towing service.

11.  As a result of these anti-competitive practices, Plaintiff missed out on numerous $50,000.00 or more towing jobs. When Defendant Kentucky State Police and its officers, Defendants Briston Smith and Dwayne Foley, called Defendant Candido's, Inc. out of turn and consecutive times, Plaintiff did not receive several semi-trailer truck jobs that Defendant Kentucky State Police would have assigned had they gone in the order they were required to go in.

12. The Defendants' deliberate scheme to ensure one towing service receives most of the jobs highlights an intent to monopolize and to eliminate competition from other towing service companies who have provided this service for many years, in violation of the Sherman Act."

(Complaint, ¶¶ 9-12.)

Plaintiff's Complaint continues to make general, non-specific allegations, and continues

to draw legal conclusions, under the portion of the Complaint titled "CIVIL CONSPIRACY TO

COMMIT VIOLTATIONS OF SECTION 2 OF THE SHERMAN ACT: MONOPOLIZATION

AND ATTEMPTED MONOPOLIZATION":

The Defendants have monopolized, or are civilly conspiring to monopolize, the relevant towing market; that the Defendants have used, and continue to use, their market power to impede and prevent competition in the relevant market; that the Defendants engaged in predatory or anti-competitive conduct; and that the Defendants' collusive actions injured competition in the relevant market. (*See* Complaint PP. 13-20).

The foregoing allegations are clearly insufficient to state a claim under FRCP 8(a)(2) and FRCP 12(b)(6), and Plaintiff's Complaint therefore must be dismissed.

## II.   ARGUMENT

### A.  Plaintiff's Complaint Must be Dismissed, As It Fails Under FRCP 8(a)(2) and FRCP 12(b)(6) to State a Claim Upon Which Relief May Be Granted.

FRCP 12(b)(6) provides that a Complaint must be dismissed if the Complaint fails to state a claim upon which relief can be granted.  To state a claim, a Complaint must state a short and plain statement of the claim showing that the pleader is entitled to relief. FRCP 8(a)(2).

When considering a motion to dismiss, the Court must presume all factual allegations to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). However, a District Court is not required to accept a "bare assertion of legal conclusions," *Tackett v. M&G Polymers*, USA, LLC 561 F.3d 478, 488, or a "pleading that offers labels and conclusions," or a "formulaic recitation of the elements of a cause of action," or a Complaint that "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Complaint will be dismissed if no law supports the claims made, if the facts alleged are

insufficient to state a claim, or if the face of the Complaint presents an insurmountable bar to relief. *Southfield Educ. Ass'n v. Southfield Bd. of Educ.,* 570 F. App'x 485, 487 (6th Cir. 2014).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a case involving antitrust claims, the U.S. Supreme Court provided guidance regarding the sufficiency of the Complaint when facing a FRCP 12(b)(6) motion to dismiss:

> ". . .a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do (see *Papasan v. Allain*, 478 U.S. 265, 286 (1986), (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A.Miller, Federal Practice and Procedure Section 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more. . .than. . .a statement of facts that merely creates a suspicion of a legally cognizable cause of action. . ."

*Twombly*, 550 U.S. 544, 555. *Iqbal,* cited above, further elaborated on *Twombly:*

> Two working principles underlie our decision in *Twombly*. First, the tenet that a Court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will. . .be a context-specific task that requires the reviewing court to draw on its experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief.

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662 at 678, 679.

Plaintiff's Complaint is remarkable in that it consists entirely of general allegations and assertions, and does not contain a single allegation of specific, identifiable conduct sufficient to state a claim. Conspicuously absent from the Complaint are any allegations concerning dates, times, places, alleged means of communication, or any other specific facts that would raise the allegations in the Complaint to something more than mere speculation. Plaintiff's complaint clearly fails to meet the standards set out in *Twombly* and *Iqbal.*

Accordingly, the Court should dismiss the Complaint under FRCP 12(b)(6) for failure to state a claim upon which relief may be granted.

### B. Amendment of the Complaint to Add Allegations Sufficient to Satisfy FRCP 8(a) (2) and Rule 12(b)(6) Would Be Futile, As the Defendants Are Immune From Anti-Trust Violations.

Even if it was possible for the Plaintiff to amend its Complaint to withstand a FRCP 8(2)(a) and FRCP 12(b)(6) challenge, any such amendment would nevertheless be futile as the Defendants are immune from liability for antitrust violations under the "Parker Immunity Doctrine" set forth in *Parker v. Brown*, 317 U.S. 341 (1943). Under *Parker*, states and state actors have immunity from federal anti-trust suits seeking monetary or injunctive relief, as action taken by state governments are exempt from the scope of the Sherman Act.

The Sherman Act was enacted to address the unlawful combination of private business, *see Apex Hosiery v. Leader*, 310 U.S. 469 (1940). There is no suggestion in the Act of a purpose to restrain state action. *Parker* at 351. With the Sherman Act's focus on the problems of private monopolies and combinations, the intent of the Sherman Act is not to affect state action, even if

those practices are anti-competitive.  *Cal. Retail Liquor Dealers Assoc. v. Midcal Aluminum, Inc.* 445 U.S. 97 (1980).

Even when states (and state actors) act in conjunction with private parties, they remain entitled to immunity as long as they are acting in their official capacity. *VIBO Corporation, Inc. v. Jack Conway, et al,* 594 F. Supp. 2d 758 (W.D. Ky. 2012) (citing *Omni Outdoor Advert.,* 499 U.S. at 374). Moreover, any action that qualifies as state action is *ipso facto* exempt from the operation of the antitrust laws. *Omni*, 499 U.S. at 379 (quoting *Hoover v. Ronwin,* 466 U.S. 558, 568 (1984). Clearly, the Defendant KSP as a state agency, as well as Defendants Smith and Foley in their official capacities as state actors, are immune from allegations of antitrust violations and the Complaint must be dismissed as to them.

The Defendants Smith and Foley are also immune from antitrust violations in their individual capacities.  Although *Parker* immunizes state action, immunity extends to the claims against the Defendants in their individual capacities as well.  Otherwise, as the Plaintiff is seeking to do in this case, the Defendants could be sued in their individual capacities for the same conduct protected by *Parker* state action immunity.  To give effect to *Parker*, state action immunity is extended to parties acting in a private capacity. *Armstrong Surgical Ctr, Inc. v. Armstrong County Mem'l Hosp.,* 185 F.3d 154, 159 (3d Cir. 1999); *S. Motor Carriers Rate Conference, Inc. v. U.S.*, 471 U.S. 48, 56 (1985).

**CONCLUSION**

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the Court should dismiss it under FRCP 12(b)(6).

Respectfully submitted,

/s/ Matthew L. Bowling

_____

Matthew L. Bowling
KSP Legal Office
919 Versailles Rd.
Frankfort, KY 40601
(502) 782-1832
Matthew.bowling@ky.gov

This will certify that the foregoing on the 18th day of June, 2025 was filed with the Court's electronic filing system, with service upon all counsel of record.

/s/ Matthew L. Bowling

_____

Matthew L. Bowling