# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| TOMMY'S TOWING, LLC | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | Case No: 6:25-cv-063-GFVT |
| VS. | ) | |
| | ) | |
| | ) | |
| CANDIDO'S, INC; BRISKIN SMITH, | ) | |
| DEWAYNE FOLEY; KENTUCKY | ) | |
| STATE POLICE c/o COMMISSIONER | ) | |
| COL. PHILLIP BURNETT JR. and the | ) | |
| KENTUCKY ATTORNEY GENERAL | ) | |
| | ) | |
|     Defendants | ) | |

---------------------------------------------------------

## JOINDER IN MOTION TO DISMISS FILED BY CO-DEFENDANTS BRISKIN SMITH, DEWAYNE FOLEY, and KENTUCKY STATE POLICE

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

Comes now the defendant, Candido's, Inc d/b/a Candido's Towing and Repair ("Candido's"), by and through counsel, and herewith joins in the Motion of co-defendants, Briskin Smith, Dewayne Foley, and the Kentucky State Police (herein after Briskin Smith, Dewayne Foley, and the Kentucky State Police are referred to collectively as the "KSP Defendants") to dismiss this action pursuant to FRCP 8(a)(2) and FRCP 12(b)(6). Plaintiff Candido's joins in the KSP Defendants' Motion in its entirety. The arguments raised and asserted by the KSP Defendants apply with equal force to Candido's, and the Complaint should likewise be dismissed as to Candido's.

The defendant Candido's adopts and incorporates by reference the entirety of the KSP Defendants' Motion to Dismiss [ECF Doc No. 12] the same as if set forth fully at length verbatim.

Page **1** of **6**

If the KSP Defendants are entitled to dismissal upon any of the grounds raised within the KSP Defendants' Motion to dismiss, then the defendant is likewise equally entitled to dismissal. In further support of this Motion, Candido's states as follows:

*"There is no suggestion of a purpose to restrain state action in the [Sherman] Act's legislative history. The sponsor of the bill which was ultimately enacted as the Sherman Act declared that it prevented only business combinations."* Parker v. Brown, 317 U.S. 341, 351 (1943) citing 21 Congressional Record 2562, 2457, 2459, and 2461. *"That its purpose was to suppress combinations to restrain competition and attempts to monopolize by individuals and corporations abundantly appears from its legislative history."* Parker v. Brown, 317 U.S. at 35 citing Apex Hosiery Co. v. Liter, 310 U.S. 469, 492-493 and United States v. Addyson Pipe & Steel Co., 85 F. 271 (6th Cir.) affirmed 175 U.S. 211.

*"The Sherman Act makes no mention of the state as such and gives no hint that it was intended to restrain state action or official action directed by a state. The Act is applicable to persons including corporations and it authorizes suits under it by persons and corporations."* Parker v. Brown, 317 U.S. 341, 351 (1943).

In All American Cab Co. v. Metropolitan Knoxville Airport Authority, 547 F. Supp. 509 (E.D. Tenn. 1982) a cab company and its employees sued the Metropolitan Knoxville Airport Authority and a private company (Creative International Management, Inc.) who was contracted with the airport authority to provide ground transportation services at the airport. The complaint alleged violations of the Sherman Antitrust Act. The defendants moved to dismiss the case based upon state action immunity as established in Parker v. Brown, 317 U.S. 341 (1943). The District Court easily concluded that the Metropolitan Knoxville Airport Authority derived its powers from

the state of Tennessee and therefore was exempt from the purview of the federal antitrust statutes based upon the state action immunity established in Parker v. Brown.

In so holding, the court referenced the 6th Circuit decision of Padgett v. Louisville and Jefferson County Air Board, 492 F.2d 1258 (6th Cir. 1974) wherein the 6th Circuit found that the Kentucky Airport Board, as an instrument of the Commonwealth of Kentucky, was exempt from liability under the Federal Antitrust Act. *"The 6th Circuit did not hesitate to find that the air board's regulation of taxicab services was a valid government function to which the antitrust laws did not apply."* All American Cab Co. v. Metropolitan Knoxville Airport Authority, 547 F. Supp. 509, 511 (E.D. Tenn. 1982) citing Padgett v. Louisville and Jefferson County Air Board, 492 F.2d 1258, 1260 (6th Cir. 1974).

In finding that the Knoxville Airport Board was a state actor and therefore exempt from federal antitrust statutes, the Tennessee District Court concurrently also found that the private entity with whom the airport board had contracted was also immune from liability under the state action immunity established in Parker v. Brown. The Court stated

> *"We therefore conclude that the airport authority and its contract for the provision of a dispatching service are exempt from antitrust scrutiny. Likewise, Creative's actions pursuant to its authority under the dispatch agreement with the airport authority bar any action against it."* All American Cab Co. v. Metropolitan Knoxville Airport Authority, 547 F. Supp 509, 511 (E.D. Tenn. 1982).

See also Hoover v. Ronin, 466 U.S. 558, 567 (1984) recognizing that antitrust laws do not bar anti-competitive restraints that sovereign states impose as an act of government. Accord City of N. Olmsted v. Greater Cleavland Reg'l Transit Auth., 722 F.2d 1284, 1287 (6th Cir. 1983) explaining that *"The doctrine enunciated in Parker... exempts anti-competitive conduct engaged in as an act of government by the state as sovereign or by its*

*subdivisions pursuant to state policy to displace competition with regulation or monopoly public service from Sherman Act control."* quoting City of Lafayette v. La. Power and Light Co., 435 U.S. 389, 413 (1978).

Since the Parker U.S. Supreme Court decision, other Supreme Court precedent has indicated that there need not be an explicit authorization by the state legislature to displace competition for state action immunity to apply. Rather, *"[t]he Parker exemption applies as long as the suppression of competition is the foreseeable or logical result of what the state authorizes."* Brentwood Academy v. Tennessee Secondary School Athletics Association, 442 F.3d 410, 442 (6th Cir. 2006) quoting Town of Hallie v. City of Eau Claire, 471 U.S. 34, 42-44 (1985).

In addition, state action immunity applies whenever the state's policy having the effect of displacing competition is supervised by the state. Brentwood Academy v. Tennessee Secondary School Athletics Association, 442 F.3d at 441 citing California Retail Liquor Dealers Association v. Midcal Aluminum, 445 U.S. 97, 105 (1980) and City of Lafayette v. La. Power and Light Co., 435 U.S. 389, 410 (1978). See also VIBOL Corp, Inc. v. Conway, 669 F.3d 675 (6th Cir. 2012) recognizing that when a state enters into an agreement with private entities and is protected by state action immunity under the Sherman Act, that immunity extends to the private entities with whom the state deals.

See also Delta Turner Ltd. v. Grand Rapids - Kent County Convention Arena Authority, 600 F. Supp 2d 920 (W.D. Mich. 2009) explaining that for state action immunity from anti-trust liability to apply to a private party defendant, the defendant must demonstrate that the particular conduct challenged as anti-competitive was both authorized by the state and was subjected to active state supervision to protect against possible abuse. See also Lender's Service Inc. v. Dayton Bar Association, 758 F.Supp 429, 437 (S.D. Ohio 1991) recognizing that the two-pronged test for

private actors to be afforded state immunity for anti-competitive activities *"need not be addressed"* when the anti-competitive act was in reality the act of the state. citing <u>Hoover v. Ronin</u>, 466 U.S. 558 (1984)

In the present case, the plaintiff alleges that the Kentucky State Police and various of its officials have historically and are actively assigning towing and recovery services to Candido's and that Candido's is the preferred towing and recovery service of the Kentucky State Police. If this allegation is accepted as true for purposes of Rule 12 Motion to Dismiss analysis, then the entity making the decision to assign towing and recovery jobs is clearly a direct agency of the Commonwealth of Kentucky. Candido's is clearly not the decision maker under the present case. If the Complaint is taken at face value, the state is making the decisions complained of by the plaintiff. Candido's therefore, as a private corporate entity, possesses the exact same state action immunity as the Kentucky State Police and its officials possess and Candido's cannot be held liable for the claims asserted by the plaintiff in this case. Candido's is therefore entitled to dismissal with prejudice under the same state action immunity that the KSP Defendants possess.

WHEREFORE, it is respectfully prayed that all claims and causes of action of the plaintiff Tommy's Towing, LLC be dismissed with prejudice at the cost of the plaintiff.

Respectfully submitted,

HAMM, MILBY & RIDINGS, PLLC
120 NORTH MAIN STREET
LONDON, KY 40741
PHONE:  606-864-4126
EMAIL:  aaron@hmrkylaw.com
*Counsel for defendant Candido's, Inc.*


BY: _/s/ *R. Aaron Hostettler*_____
       R. AARON HOSTETTLER

CERTIFICATE OF SERVICE:

I do hereby certify that the foregoing Joinder Motion was electronically filed with the Clerk of the Court by using the Court's CM/ECF e-filing system and that a true and accurate copy of the foregoing Motion has been served via the Court's CM/ECF e-filing system and/or via first class U.S. Mail or electronically upon the following:

COPIES TO:

Hon. Jeremy Bryant
Bryant Law PLLC
37 S. Park Center Dr., Ste 6
Corbin, KY 40701

Hon. Conrad Cessna
Cessna & George
506 S. Main Street
London, Ky 40741

Hon. Matthew L. Bowling
KSP Legal Office
919 Versailles Road
Frankfort, KY 40601

This the __9th_ day of July 2025.

_/s/ *R. Aaron Hostettler*_____
Counsel for Defendant Candido's, Inc.